```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT

KEVIN LAMONT WALKER,
     Petitioner,
                                           PRISONER
     V.                          Case No.  3:14CV1500(AWT)

HERMAN QUAY, WARDEN
FCI DANBURY,
     Respondent.
```

### RULING ON MOTION FOR RECONSIDERATION

The petitioner is an inmate at the Federal Correctional Institution in Danbury, Connecticut. In November 1996, in the United States District Court for the Eastern District of Virginia, the petitioner pled guilty to one count of conspiracy to distribute crack cocaine in violation of 21 U.S.C. § 846. *See United States v. Jones, et al.*, Case No. 4:95cr37(RAJ). In February 1997, a judge sentenced the petitioner to 262 months of imprisonment, followed by five years of supervised release with conditions and a special assessment of $50.00.

In July 2005, in the United States District Court for the Eastern District of Virginia, the petitioner pled guilty to one count of conspiracy to unlawfully possess and distribute cocaine base in violation of 21 U.S.C. § 846. *See United States v. Walker*, Case No. 4:05cr5(RBS)(JEB). In November 2005, a judge sentenced the petitioner to 120 months of imprisonment, following

by five years of supervised release and a special assessment of $100.00. The sentence was to be served concurrently with the sentence imposed in February 1997.

In January 2013, the petitioner voluntarily appeared in the United States District Court for the Eastern District of Virginia pursuant to the charge that he had violated conditions of supervised release in connection with the 1995 federal criminal case, *United States v. Jones, et al.*, Case No. 4:95cr37(RAJ). On February 5, 2013, a district judge in the Eastern District of Virginia found the petitioner guilty of violating a condition of his supervised release. The judge sentenced the petitioner to 24 months of imprisonment.

On December 21, 2012, the petitioner voluntarily appeared in the United States District Court for the Eastern District of Virginia pursuant to the charge that he had violated conditions of supervised release in connection with the 2005 federal criminal case, *United States v. Walker*, Case No. 4:05cr5(RBS)(JEB). On March 1, 2013, the petitioner appeared at the final revocation hearing. A judge found the petitioner in violation of the conditions of supervised release, revoked the term of supervised release and sentenced him to twelve months of imprisonment followed by a new 48-month term of supervised release. The sentence was to be served consecutively to the sentence imposed on

the petitioner on February 5, 2013 in *United States v. Jones, et al.*, Case No. 4:95cr37(RAJ).

The petitioner subsequently filed an appeal of the conviction and sentence imposed in *United States v. Jones, et al.*, Case No. 4:95cr37(RAJ). He also filed multiple motions to vacate or set aside the sentences imposed in both *United States v. Jones, et al.*, Case No. 4:95cr37(RAJ) and *United States v. Walker*, Case No. 4:05cr5(RBS)(JEB).

In October 2014, the petitioner filed the present action pursuant to 28 U.S.C. § 2241. He challenged both the February and March 2013 convictions and sentences imposed by judges in the United States District Court for the Eastern District of Virginia.

On January 23, 2015, this court concluded that the petitioner's challenges to his February and March 2013 convictions for violating the conditions of his supervised release should have been filed as a section 2255 motion to vacate or set aside those sentences. Because the petitioner had filed prior motions seeking to vacate those convictions pursuant to section 2255 and the Eastern District of Virginia had denied those motions on the merits, the court construed the petition for writ of habeas corpus as a motion filed under 28 U.S.C. § 2255. The court then issued an order transferring the motion to the Court of Appeals for the Fourth Circuit to enable that court to determine if the claims in

the motion should be considered by the United States District Court for the Eastern District of Virginia.  *See* Rul. & Or., Doc. No. 12.  The petitioner seeks reconsideration of the order of transfer.  He raises two arguments in support of his motion.  He first claims that he is now no longer in custody pursuant to the February 5, 2013 conviction.  He asserts that the sentence pursuant to that conviction expired on October 29, 2014.

   The petitioner was in custody pursuant to the February 2013 sentence as of the date he filed the petition on October 6, 2014.[1]  The Supreme Court has held that as long as a habeas petition was filed in federal court at a time when the petitioner was in custody, the petition is not necessarily mooted by petitioner's release from prison prior to the adjudication of the petition.  *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998)(petitioner "was incarcerated by reason of the parole revocation at the time the petition was filed, which is all that the 'in custody' provision . . . requires").  Also, even if the petitioner's February 5, 2013 sentence did in fact expire as of October 29, 2014, he is still in custody pursuant to the March 1, 2013 sentence which was to be served consecutively to the February 5, 2013 sentence.[2]  Thus,

---

   [1] The habeas petition was dated October 6, 2014 and was received by the court on October 10, 2014.
   [2] Information regarding the petitioner's confinement at FCI Danbury may be found at http://www.bop.gov/inmateloc/ under the

there is no basis to set aside the order of transfer to the Court of Appeals for the Fourth Circuit.

Second, the petitioner contends that his petition included a claim that the sentence imposed on February 5, 2013 became void as of October 29, 2014.  As indicated above, the petition was dated October 6, 2014, and was received by the court for filing on October 10, 2014.  The petition does not include a claim that his February 5, 2013 sentence would become void as of October 29, 2014.  Nor is this claim included in the court's ruling and order transferring the petition to the Fourth Circuit.  Thus, petitioner's argument that the court had incorrectly concluded that  he had raised the claim in a prior section 2255 motion is without merit.

## Conclusion

For all of the reasons, set forth above, the Motion for Reconsideration [**Doc. No. 17**] is hereby **DENIED**.

Signed this 10th day of June 2015, at Hartford, Connecticut.

          /s/AWT          
Alvin W. Thompson
United States District Judge

---

petitioner's Bureau of Prison's Register Number: 26904-083.